UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **COREY LANDMARK** | **CIVIL ACTION NO.** |
| **VERSUS** | |
| | **23-188-JWD-EWD** |
| **STATE OF LOUISANA THROUGH THE DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS, ET AL.** | |

### ORDER OF REMAND

On March 10, 2023, the case was removed by Defendant State of Louisiana through the Department of Public Safety and Corrections and "Unknown" Toce ("the State") on the basis of federal question jurisdiction under 28 U.S.C. § 1331.[1] Specifically, the Notice of Removal says that Plaintiff alleged violation of his constitutional rights due to deliberate medical indifference, referencing paragraph 42 of the Petition for Damages/Broken Jaw/Failure to Treat.[2] Plaintiff Corey Landmark filed a Motion to Remand on April 16, 2023 on the basis that the Court lacks subject matter jurisdiction because no federal claim was pleaded in the Petition. Paragraph 42 of the Petition states: "Defendants exhibited and acted in a manner that was in wanton or reckless disregard or with malice or willfulness to cause injury and violate constitutional rights of an inmate confirmed to prison and the health care provided was below the standard of care for correctional medicine."[3] However, Plaintiff specifically limited his claims for relief to La. Civil Code articles 2315, 2317, 2320 and La. R.S. 15:701, *et seq.*[4] Plaintiff also specifically alleged that his claims are tort claims.[5]

---

[1] R. Doc. 1.
[2] R. Doc. 1, p. 2.
[3] R. Doc. 1-2, p. 7.
[4] *Id.*
[5] R. Doc. 1-2, p.1.

On April 28, 2023, and as more fully addressed in the minutes, a conference was held to discuss subject matter jurisdiction, as the Court's review indicated no federal question was pleaded on the face of the Petition.[6] After discussion, Plaintiff clarified that he was not asserting a federal claim, and the State agreed that it would not oppose the Motion to Remand if Plaintiff filed a stipulation confirming that no federal claim was being asserted because subject matter jurisdiction would not exist.[7] Plaintiff filed his Stipulation, which states that "he has not at this time through the instant lawsuit pled or asserted a federal cause of action notwithstanding ¶ 42 of the Petition."[8] Despite the State's representations during the telephone conference and notwithstanding Plaintiff's Stipulation, the State continued to oppose remand, and several supplemental briefs were filed.[9] Notably, in Plaintiff's second supplemental brief, he relied on *Derbes v. State of Louisiana*, a similar improper removal by the State.[10] This Court awarded costs and fees against the State pursuant to 28 U.S.C. § 1447(c) for its objectively unreasonable removal due to the lack of a federal question in the petition. The U.S. Fifth Circuit Court of Appeals affirmed.[11] Considering *Derbes*, the State was ordered in this case to file either another supplemental brief, addressing *Derbes* and explaining why it contended *Derbes* did not support remand and a similar award of 28 U.S.C. §1447(c) costs and fees, or to file a notice that it no longer opposed remand in light of *Derbes*.[12] In response, the State filed a notice of no opposition to remand due to Plaintiff's stipulation.[13]

---

[6] R. Doc. 9.
[7] R. Doc. 9.
[8] R. Doc. 10.
[9] R. Docs. 11, 14, 15, 18.
[10] *Derbes v. Louisiana Through Landry,* No. 21-710, 2022 WL 4838211, at *5 (M.D. La. Sept. 9, 2022), report and recommendation adopted sub nom., *Derbes v. Louisiana,* No. 21-710, 2022 WL 4793052 (M.D. La. Sept. 30, 2022),
[11] *See* MATTHEW DERBES, Plaintiff-Appellee, v. STATE OF LOUISIANA, through Louisiana Att'y Gen. Jeff Landry, Dep't of Just., Defendant-Appellant., No. 22-30696, 2023 WL 4265757 (5th Cir. June 29, 2023).
[12] R. Doc. 17.
[13] R. Doc. 19. Although it has withdrawn opposition to Plaintiff's Motion to Remand, it is unclear why the State has continued to assert that removal was proper, particularly true in light of *Derbes*. The State's actions in continuing to oppose remand after representing to the Court that it would not oppose remand if the Plaintiff clarified paragraph 42 in his Petition to expressly stipulate that he was not asserting a federal question resulted in unnecessary delay and a

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree."[14] Federal courts have original jurisdiction in all civil matters arising under federal law.[15] A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction."[16] The removal statute, 28 U.S.C. § 1441, is strictly construed and any doubt as to the propriety of removal should be resolved in favor of remand.[17] The removing party has the burden of proving federal question jurisdiction.[18] A federal question exists "if there appears on the face of the complaint some substantial, disputed question of federal law."[19]

Whether a case is removable based on a federal question is to be determined by the allegations of the plaintiff's "well-pleaded complaint" as of the time of removal.[20] Because the plaintiff is the master of his complaint, even where both federal and state remedies are available on a given set of facts, there will be no basis for removal on federal question jurisdiction if the plaintiff elects in the state court petition to proceed exclusively under state law.[21] Remand is proper if at any time the court lacks subject matter jurisdiction.[22]

---

waste of judicial resources. The State is cautioned to consider this precedent in future § 1331 removals or it will be taxed (again) with § 1447(c) costs and fees.
[14] *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994) (internal citations omitted).
[15] *See* 28 U.S.C. § 1331.
[16] 28 U.S.C. § 1441(a).
[17] *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281-82 (5th Cir. 2007).
[18] *Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008).
[19] *In re Hot–Hed Inc.*, 477 F.3d 320, 323 (5th Cir. 2007), quoting *Carpenter v. Wichita Falls Independent School Dist.*, 44 F.3d 362, 366 (5th Cir. 1995).
[20] *See Medina v. Ramsey Steel Co., Inc.*, 238 F.3d 674, 680 (5th Cir. 2001).
[21] *Avitts v. Amoco Production Co.*, 53 F.3d 690, 693 (5th Cir. 1995).
[22] *See* 28 U.S.C. § 1447(c).

As the State has now withdrawn its opposition to the Motion to Remand, and as the Court's independent review reflects that the Petition does not allege a federal question, the requirements of 28 U.S.C. § 1331 are not met and this Court lacks subject matter jurisdiction.[23]

Accordingly:

**IT IS ORDERED** that the Motion to Remand,[24] filed by Plaintiff Corey Landmark, is **GRANTED** because Defendant State of Louisiana through the Department of Public Safety and Corrections and "Unknown" Toce have not established subject matter jurisdiction.

**IT IS FURTHER ORDERED** that this case is **REMANDED** to the Twentieth Judicial District Court for the Parish of East Feliciana, Louisiana.

Signed in Baton Rouge, Louisiana, on July 17, 2023.

**JUDGE JOHN W. deGRAVELLES
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**

---

[23] The State has not asserted that the Court has diversity jurisdiction under 28 U.S.C. § 1332, and while the citizenship of Plaintiff is not apparent from the record, it appears unlikely that the parties are diverse in light of Plaintiff's incarceration in Louisiana, or that the amount in controversy requirement is met.
[24] R. Doc. 6.